IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

STANLEY LORENZO WILLIAMS,           )
                                    )
                Petitioner,          )
                                    )
        v.                          )      1:07CV828
                                    )
ROBERT W. SMITH and THEODIS BECK,   )
                                    )
                Respondents.        )

### ORDER

On August 1, 2008, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. Petitioner filed three separate documents styled as some form of objection to the Recommendation within the time limit prescribed by Section 636. (Docs. 22, 23, and 24.) He has also filed multiple "requests for prompt ruling" in the short period of time the matter has been ripe for decision by this court. (Docs. 27, 28 and 29.)

Petitioner has filed multiple habeas petitions and motions with this court. Petitioner's current habeas petition raises claims brought in his previous petition filed on September 6, 2006, in Williams v. Wood, No. 1:06CV750. On March 16, 2007, his petition was dismissed without prejudice due to Petitioner's failure to exhaust state court remedies. Williams v. Wood, No. 1:06CV750, Docs. 13 and 20.

By the time Petitioner exhausted his state court remedies by raising his claims in a state court motion for appropriate relief

("MAR")[1] and brought the claims in the present petition filed on October 26, 2007 (Doc. 2), the AEDPA's one-year statute of limitations had been expired for over ten months. 28 U.S.C. § 2244(d)(1).[2]

The court has made a *de novo* determination of those portions of the Recommendation to which objections have been made and finds that they do not change the substance of the United States Magistrate Judge's rulings, which are affirmed and adopted.

**IT IS THEREFORE ORDERED** that Respondents' motion to dismiss (Doc. 5) is GRANTED, that Respondents' alternative motion for summary judgment (Doc. 8) is DENIED as moot, that the habeas petition (Doc. 2) is DISMISSED, that this action is DISMISSED, and that finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is denied.

/s/ Thomas D. Schroeder
United States District Judge

October 22, 2008

---

[1] On February 14, 2007, the Superior Court of Cabarrus County, North Carolina, denied Petitioner's MAR because he attempted to raise claims that should have been raised, if at all, on direct review. (Doc. 6, Exs. 4-5.) On April 2, 2007, the North Carolina Court of Appeals refused to docket his writ for review of the Superior Court's denial of his MAR and deemed the application frivolous. (Doc. 6, Exs. 6-7.)

[2] On October 6, 2005, the North Carolina Supreme Court denied certiorari review of his sentence imposed in cases 98-CRS-2037 and 98-CRS-2930 upon resentencing. State v. Williams, 623 S.E.2d 40 (N.C. 2005). Thus, the judgment in Petitioner's convictions became final 90-days later on January 4, 2006. S. Ct. R. 13(1). Pursuant to 28 U.S.C. § 2241(d)(1)(A), Petitioner's one-year statute of limitations ran on January 4, 2007. See Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (explaining that "when a statute of limitations is me
asured in years, the last day for instituting the action is the anniversary date for the start of the limitations period.") (internal citations omitted).